```
            IN THE UNITED STATES DISTRICT COURT
         FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
                        AT CHARLESTON
```

UNITED STATES OF AMERICA

v.                                    CRIMINAL NO. 2:23-00014-03

BRITTANY KING

<u>MEMORANDUM OPINION AND ORDER</u>

In Charleston, on August 29, 2023 and October 3, 2023, came the defendant Brittany King, in person and by counsel, Rachel Zimarowski, Assistant Federal Public Defender, and came the United States by Andrew D. Isabell, Assistant United States Attorney, for the purpose of considering the defendant's plea of guilty to Count One of the Superseding Indictment, charging her with wire fraud, in violation of Title 18, United States Code, Section 1343 and Count Eleven of the Superseding Indictment, charging her with aggravated identity theft, in violation of Title 18, United States Code, Section 1028A.  Michele Wentz, United States Probation Officer, appeared on behalf of the United States Probation Department.

The court inquired of the defendant, addressing her personally and by counsel, to determine the competency of the defendant to proceed.  The court found the defendant competent.

The court informed the defendant of the maximum penalties to which she will be exposed by virtue of her pleas of guilty and defendant acknowledged her understanding of the same.

The court next inquired as to the defendant's pleas and the defendant responded that she intended to plead guilty. The court explained the range of penalties to which the defendant would be exposed by virtue of her guilty pleas. The court also explained the statutes under which this action is prosecuted and the elements which the United States would have had to prove, beyond a reasonable doubt, had the matter been tried. The Assistant United States Attorney then stated the factual basis establishing that the defendant committed the offenses to which she was pleading guilty. The defendant admitted that the factual basis as stated was substantially true.

The court further informed the defendant, pursuant to the requirements of Rule 11 of the Federal Rules of Criminal Procedure, of the constitutional and other rights she would waive by pleading guilty to Counts One and Eleven of the Superseding Indictment. The court then determined that the defendant understood those rights. The court advised the defendant that she could not withdraw her pleas if she was dissatisfied with the sentence rendered.

The court inquired of the defendant personally as to whether any threats or promises had been made to her to induce her to plead, whether any predictions were made regarding the sentence she might receive, and whether she had any second thoughts about entering the pleas of guilty, to which questions the defendant responded in the negative.

Based upon the defendant's pleas of guilty, as well as her factual admission of guilt, the court found that there existed a factual and legal basis for the defendant's pleas of guilty. Based upon the United States' proffer of evidence against the defendant, the court found that there also existed an independent factual basis for the defendant's pleas of guilty. The court further found that the defendant tendered her pleas of guilty voluntarily and with a full understanding and awareness of the constitutional and other rights which she gives up by pleading guilty, and with an awareness of what the United States would have to prove against her if the case went to trial. The court further found that the defendant had an appreciation of the consequences of her pleas and accepted the defendant's pleas of guilty.

Pursuant to Sentencing Guideline § 6B1.1(c), the court deferred an adjudication of guilt pending receipt of the presentence investigation report. Accordingly, the court

adjudges and the defendant now stands provisionally guilty of Counts One and Eleven of the Superseding Indictment.

The court scheduled the disposition of this matter for February 6, 2024, at 11:30 a.m., in Charleston. The Probation Department is directed to conduct a presentence investigation in this matter and to provide a report to this court. Unless otherwise directed by this court, the probation officer is not to disclose the officer's sentencing recommendation to anyone except the court.

Sentencing Memoranda are NOT required. If a party wishes to file a sentencing memorandum, that memorandum must be filed no later than <u>TWO</u> business days prior to the sentencing hearing.

The defendant was remanded to the custody of the United States Marshal.

The Clerk is directed to send a copy of this Memorandum Opinion and Order to counsel of record, the United States Marshal for the Southern District of West Virginia and the Probation Office of this court.

**IT IS SO ORDERED** this 4th day of October, 2023.

ENTER:

David A. Faber
Senior United States District Judge